UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

IN RE: JOHNS, ROBERT L. (L4SSN: 9895),         BANKRUPTCY CASE NO. 14-10754
JOHNS, SONYA L. (L4SSN: 8108)
Debtor(s)
                                               CHAPTER 13

## MOTION FOR MODIFICATION OF PLAN AFTER CONFIRMATION

The Debtor, under the authority of Section 1329 of the Bankruptcy Code, files this motion for modification of the plan and respectfully shows:

1.

Since Confirmation the Debtor has experienced a change in economic circumstances which requires a change in the plan.

2.

The Debtor proposes to modify the plan to change the Debtor's payments to $1,050.00 each month. A copy of the proposed plan is attached hereto.

3.

After notice and an opportunity for objections, the plan as modified should become the Debtor's plan.

4.

Reason for Amendment: Adust Plan based on claims filed; Extend Plan to 60 months; Adjust treatment to 1st State Bank of Blakely.

WHEREFORE, the Debtor prays that this Motion for Modification be approved.

_12/9/15_                                      _/s/ Chad Hunt_
Date                                           Attorney for Debtor

DOCUMENT PREP. BY: CHARLES R. "CHAD" HUNT ❖ STATE BAR GA. 0378493 ❖ 112 EAST LEE STREET ❖ DAWSON, GEORGIA
39842 ☏ Fax Available on Request PH.(229)995-4868
E-mail: chadhuntlaw@gmail.com

END OF DOCUMENT

Z:\BNK-PLANS\BNK-PLANS\bnkmod\Johns,R&S.modaft.wpd

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

JOHNS, ROBERT L. (L4SSN: 9895),          * Chapter 13
JOHNS, SONYA L. (L4SSN: 8108)
Debtor (s)                               * Case No. 14-10754

## 2nd AMENDED CHAPTER 13 PLAN (AFTER CONFIRMATION)

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum **of $1,050.00 monthly.**
2. From the payments so received, the trustee shall make disbursements as follows:
(a) The trustee percentage fee as set by the United States Trustee.
(b) The monthly payments will be made on the following **LONG-TERM DEBTS:** (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT |
|---|---|---|
| **Seterus** | **April 2015** | **$534.04** |

(c) Preconfirmation **ADEQUATE PROTECTION** payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| N/A | |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred **WITHIN 910 DAYS** of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred **within one year** of filing. See § 1325(a)

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |

Z:\BNK-PLANS\BNK-PLANS\Johns,R&S.2ndAmch13afcf.wpd

(e) After confirmation, **SECURED CREDITORS** with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| 1st State Bank of Blakely | $13,501.00 | N/A | 4.25% | Veh., Trailer & Other | $260.00 |

(1st State Bank of Blakely claims have been combined based on Order entered September 30, 2015; see paragraph 2(m)(9) below.)

(f) *Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) at $175/hour to be paid as follows: Pursuant to the Administrative Order of January 20, 2011.

(g) After the above are paid, distributions will be made to **CURE ARREARAGES** and other secured debts whose claims are duly proven and allowed as follows

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | ESTIMATED PAYMENT |
|---|---|---|---|---|---|
| Seterus | $6,501.00 | N/A | 4.25% | Mtg. Arr. | $130.00 |

(h) The following collateral is **SURRENDERED** to the creditor:

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
|  |  |

(i) The following **DOMESTIC SUPPORT** obligations will be paid over the life of the plan (unless otherwise specified below). Arrearages made through the Trustee will be made simultaneously with payment of the secured debt to the extent funds are available at 0% interest. If Debtor's child support obligation for current support is proposed to be paid outside of the terms of this Plan, through a child support agency, said agency is authorized to utilize any mechanism authorized by law, including, but not limited to, those mechanisms detailed in 11 U.S.C. § 362(b)(2) to collect or to review and modify any child support obligation.

| NAME OF CREDITOR | CURRENT PAYMENT |
|---|---|
| _____([son/daughter], age _____ | $_____/month |

(j) The following claims are **CLASSIFIED** to be paid at 100%, unless otherwise specified below. These payments will not be made simultaneously with payment of the secured debt:_____

(k) All other 11 U.S.C. § 507 **PRIORITY** claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law. {$_____to IRS @ $_____/month} {$_____ to GA Rev @ $_____/month}.

(l) The debtor(s) will be the **DISBURSING** agent on the following debts: **Debtors will make mortgage payments directly to Seterus for January, February and March 2015; Trustee will begin to make mortgage payments to Seterus beginning April 2015.**

(m) Special provisions:(1) "Long Term" debt shown in paragraph 2(b) and debts shown in paragraph 2(l) above shall retain the lien securing such claim until the completion of the payment of the underlying debt as determined under non bankruptcy law. Any other allowed secured claim provided for by this plan shall retain the lien securing such claim: However, within thirty (30) days of either; (a)completion of the payment of the underlying debt as determined under nonbankruptcy law, or (b)discharge from bankruptcy {whichever shall occur first}, the holder of such claim shall release its lien and return any title documents to the owner as listed on the Certificate of Title (unless there is a joint "Owner" on the Certificate of Title who is not protected under the bankruptcy) with the lien satisfied. {Including, any secured debt on any vehicle or mobile home.}

    (2) Collateral being paid for by the debtor does not revest upon confirmation.
    (3) Debtor will not protect any CO-SIGNERS on any debts unless otherwise specified above.

(4) To the extent allowed under 11 USC §522(f), upon discharge, all non-possessory liens and/or judicial liens {except those for domestic support obligations under 11 USC §523(a)(5)} will be avoided, and all Creditors shall cancel said lien(s) of record within fifteen (15) days of notice of discharge. These Creditors shall include, but are not limited to the following:

**JUDGMENTS:** _____

**NPHGS:** _____

(5) No student loans will be paid through the bankruptcy unless otherwise specified herein.

(6) PAYROLL DEDUCTION has already been requested from: Bainbridge State College.

(7) Debtor proposes to reject the following executory contract(s): _____.

(8) Debtor proposes to assume the following executory contract(s): _____.

(9) Because 1st State Bank of Blakely only filed one Proof of Claim, because debtor filed an Objection to that claim and 1st State Bank of Blakely failed to split out those claims; all claims to 1st State Bank of Blakely has been combined as one claim in this amended Plan; the Court's Order dated September 30, 2015, allowed a total claim to 1st State Bank of Blakely for $13,501.00.

(10) Reason for Amendment: Adust Plan based on claims filed; Extend Plan to 60 months; Adjust treatment to 1st State Bank of Blakely.

(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)

(i) Debtor will pay all of his disposable income as shown on Form B22C of $0.00 to the non priority unsecured creditors in order to be eligible for a discharge. {cmi}

(ii) If the debtor filed a Chapter 7 case, the unsecured creditors would receive $0.00. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge. {unex}

(iii) The debtor will pay AS CONF to the general unsecured creditors to be distributed prorata. {lux/inc/stu/other} {lux golf cart/ travel trailer}

(o) General unsecured creditors whose claims are duly proven and allowed will be paid (choose one only)

(i) $_____ as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii) or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

(ii) The debtor(s) will make payments for 60 months and anticipates a dividend of AS CONF, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii) or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtor. All property in the possession and control of the debtor shall be insured by the debtor. The chapter 13 Trustee will not and is not required to insure assets and has no liability for injury to any person, damage or loss to any property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Date 12/9/15

_____
Charles R. Hunt, Atty for Debtor

DOCUMENT PREP. BY: CHARLES R. "CHAD" HUNT ❖ STATE BAR GA. 0378493 ❖ 112 EAST LEE STREET ❖ DAWSON, GEORGIA 39842☎ Fax Available on Request  PH.(229)995-4868
E-mail: chadhuntlaw@gmail.com
END OF DOCUMENT

Z:\BNK-PLANS\BNK-PLANS\Johns,R&S.2ndAmch13afcf.wpd

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

IN RE: JOHNS, ROBERT L. (L4SSN: 9895),    BANKRUPTCY CASE NO. 14-10754
JOHNS, SONYA L. (L4SSN: 8108)
Debtor(s)

CHAPTER 13

### NOTICE TO MODIFY CHAPTER 13 PLAN AFTER CONFIRMATION

1. THE DEBTOR'S ATTORNEY HAS FILED PAPERS WITH THE COURT AS INDICATED ABOVE.

2. YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY.

3. IF YOU DO NOT WANT THE COURT TO TAKE THIS ACTION OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MATTER, THEN YOU MUST FILE WITH THE COURT A WRITTEN REQUEST FOR A HEARING ON OR BEFORE JAN 2, 2016.

4. IN THE EVENT, AND ONLY IN THE EVENT, A WRITTEN REQUEST FOR A HEARING IS FILED; THE HEARING WILL BE CONDUCTED ON JAN 12, 2016 AT 2:10 [A.M./P.M.] UNITED STATES BANKRUPTCY COURT, LOCATED AT C.B. KING U.S. COURTHOUSE, 2ND FLOOR U.S. BANKRUPTCY COURTROOM, 201 BROAD AVE., ALBANY, GA 31701.

5. IF YOU MAIL YOUR REQUEST TO THE COURT FOR FILING, YOU MUST MAIL IT EARLY ENOUGH SO THE COURT WILL RECEIVE IT ON OR BEFORE THE DATE STATED IN PARAGRAPH 3 ABOVE, ADDRESSED TO UNITED STATES BANKRUPTCY COURT, P.O. BOX 1957, MACON, GA 31202, Ph. 478-752-3506.

6. ANY REQUEST FOR A HEARING MUST ALSO BE MAILED TO THE DEBTOR'S ATTORNEY, THE CHAPTER 13 TRUSTEE AND THE U.S. TRUSTEE.

7. IF YOU DO NOT TAKE THESE STEPS, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE RELIEF SOUGHT IN THE MOTION OR OBJECTION AND MAY ENTER AN ORDER GRANTING RELIEF.

**MULTI CREDITOR CERTIFICATE OF SERVICE:** This is to certify that I have this day served the debtor(s) Robert & Sonya Johns, 6539 1st Kolomoki Road, Blakely, GA 39823 the creditor(s) First State Bank of Colquitt, Division of First State Bank of Blakely, P.O. Box 126, Colquitt, GA 39837, P, the standing Trustee, **Chapter 13 Trustee**, *P.O. BOX 1907, COLUMBUS, GA. 31902* and the U.S. Trustee, 433 Cherry St., Suite 510, Macon, Ga. 31201, with a copy of the foregoing matters by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon by hand-delivery or by electronic notice.

12/9/15
Date

_____
Attorney for Debtor

DOCUMENT PREP. BY: CHARLES R. "CHAD" HUNT ❖ STATE BAR GA. 0378493 ❖ 112 EAST LEE STREET ❖ DAWSON, GEORGIA 39842 Fax Available on Request PH.(229)995-4868
E-mail: chadhuntlaw@gmail.com

END OF DOCUMENT

Z:\BNK-PLANS\BNK-PLANS\bnkmod\Johns,R&S.modaft.wpd